**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN COTTLE, | )<br>)|
| Plaintiff, | )<br>) |
| v. | )   3:15-cv-00542-MMD-WGC<br>) |
| KAREN GEDNEY, | )   **ORDER**<br>) |
| Defendant. | )<br>) |
| _____ | ) |

## I. DISCUSSION

On May 12, 2016, this Court entered a screening order permitting a retaliation claim to proceed against Defendant Dr. Karen Gedney. (ECF No. 15 at 9). The Court stayed the case for 90 days to give Plaintiff and Defendant Dr. Gedney an opportunity to settle their dispute before the filing fee was paid, an answer was filed, or the discovery process began. (*Id.* at 10). The Court directed the Attorney General's Office to notify the Court whether it would enter a limited notice of appearance on behalf of Defendant Dr. Gedney for the purpose of settlement. (*Id.* at 11).

On May 23, 2016, the Attorney General's Office informed the Court that it could not make a limited appearance for the purpose of settlement because Defendant Dr. Gedney, the only remaining defendant in this action, was no longer employed by the Nevada Department of Corrections. (ECF No. 17 at 1). The Attorney General's Office explained that it could not appear on Defendant Dr. Gedney's behalf because it had not received a request for representation from her. (*Id.*).

In light of the Attorney General Office's notice, the Court now orders the Attorney General's Office to send a letter to Defendant Dr. Gedney at her last known address informing

her that she is a defendant in this lawsuit. In that letter, the Attorney General's Office shall ask Defendant Dr. Gedney if she would like the Office to represent her in this matter. Within 30 days from the date of this order, the Attorney General's Office shall file an updated notice with the Court informing the Court whether it will be entering a limited notice of appearance on behalf of Defendant Dr. Gedney for the purpose of settlement in light of that letter.

If the Attorney General's Office enters a limited notice of appearance on behalf of Defendant Dr. Gedney for the purpose of settlement, the Court shall schedule an early inmate mediation conference. However, if the Attorney General's Office notifies the Court that it will not be entering a limited notice of appearance in light of its communication with Defendant Dr. Gedney, the Court will issue an order that: (1) removes this case from the early inmate mediation program, (2) rules on the application to proceed *in forma pauperis*, and (3) begins the service process with the U.S. Marshal's Office.

## II.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Attorney General's Office shall send a letter to Defendant Dr. Gedney at her last known address informing her of this lawsuit and asking whether she seeks to have the Office represent her in this lawsuit for the purpose of settlement.

IT IS FURTHER ORDERED that, within 30 days from the date of this order, the Attorney General's Office shall file an updated notice with the Court informing the Court about Defendant Dr. Gedney's representation status.

IT IS FURTHER ORDERED that, within 30 days from the date of this order, the Attorney General's Office shall advise the Court whether it will enter a limited notice of appearance on behalf of Defendant Dr. Gedney for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

///

///

///

IT IS FURTHER ORDERED that, if this case remains in the early inmate mediation program, the Court extends the 90-day stay and the deadline for the 90-day stay status report until 5 days after any scheduled mediation.

DATED: This __16th__ day of June, 2016.

                                                _William G. Cobb_
                                                United States Magistrate Judge