UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN COTTLE, | Case No. 3:15-cv-00542-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| KAREN GEDNEY et al., | |
| Defendants. | |

On May 12, 2016, the Court issued its order screening Plaintiff's amended civil rights complaint. (ECF No. 15.) In its screening order, the Court permitted Plaintiff's claim of First Amendment retaliation to proceed against defendant Dr. Karen Gedney for canceling Plaintiff's double diet and low sodium diet and for not renewing his protein drink, but dismissed with prejudice Plaintiff's remaining claims and other named defendants. (*Id.* at 9:8-20.) The Court also addressed a number of separate motions, including denying Plaintiff's motion to seal the case. In response, Plaintiff filed a notice of voluntary dismissal citing the Court's denial of his motion to seal the case. (ECF No. 20 at 1.) The Court issued an order clarifying its denial of Plaintiff's motion to seal the case, and granted Plaintiff fourteen (14) days to notify the Court if he would like to proceed on his claim of First Amendment retaliation against defendant Dr. Karen Gedney. (ECF No. 21 at 3:13-16.) The fourteen-day period has now expired, and Plaintiff has not expressed his intention to proceed with his claim or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone,* 833 F.2d at 132-33;

*Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to notify the Court whether he would like to proceed with his claims expressly stated "It is further ordered that failure on Plaintiff's part to timely comply with the order to notify the Court that he would like to proceed will result in the dismissal of this action without prejudice." (ECF No. 21 at 4:1-3.) Thus, Plaintiff has had adequate warning that dismissal would result from his noncompliance with the Court's order.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to notify the Court that he would like to proceed, in compliance with this Court's June 23, 2016, order. Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

The Clerk is instructed to close this case.

DATED THIS 20th day of July 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE